| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | | |
|---|---|---|
| MICHAEL RHYMES, | | 3:15-cv-00592-RCJ-VPC |
| | Plaintiff, | |
| v. | | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.,* | | |
| | Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' partial motion to dismiss (ECF No. 32). Plaintiff opposed (ECF No. 35), and defendants replied (ECF No. 37). For the reasons stated below, the court recommends that defendants' motion to dismiss (ECF No. 32) be granted.

### I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Michael Rhymes ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and currently housed at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights claim against various NDOC and NNCC officials.

On August 3, 2016, the District Court screened plaintiff's first amended complaint and determined that he could proceed with his Eighth Amendment deliberate indifference claim against defendant Cynthia Sablinca. (ECF No. 6 at 10.) Plaintiff's claim against defendants Romeo Aranas and Warden Nash were dismissed with prejudice, as the Court found that plaintiff failed to allege actual knowledge of the alleged unconstitutional conduct by those defendants. (*See id.*)

On March 31, 2017, plaintiff filed a motion to amend his complaint. (ECF No. 22.) Defendants did not oppose the motion, and the court granted plaintiff leave to file a second amended complaint ("SAC"). (ECF No. 25.) The SAC names as defendants, Romeo Aranas, Greg Cox,

D.W. Neven, Cynthia Sablinca, and John/Jane Does 1-5, and brings an Eighth Amendment deliberate indifference claim relating to a denial or delay in providing plaintiff medication. (ECF No. 26.) On June 13, 2017, defendants Aranas and Cox filed a partial motion to dismiss asserting that plaintiff failed to allege personal participation by the defendants and that defendants are entitled to qualified immunity. (ECF No. 32.) This report and recommendation follows.

## II. LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III. DISCUSSION

**A. Civil Rights Claims Under § 1983**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute

"provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

**B.     Personal Participation**

In his SAC, plaintiff alleges that defendants Aranas and Cox, failed to adequately fund the medical departments of NDOC facilities, thereby failing to ensure that plaintiff received adequate medical care. (*See* ECF No. 26 at 6.) Defendants contend that plaintiff's claim against defendants Aranas and Cox must be dismissed because plaintiff fails to allege personal participation. (ECF No. 32 at 3-4.) The court agrees; plaintiff's assertions are insufficient to state a claim.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal,* 556 U.S. at 676. However, an official acting in a supervisory capacity may be liable if he or she was personally involved in a constitutional deprivation, or there is a sufficient causal connection between his or her wrongful conduct and the deprivation. *Henry A. v. Willden*, 678 F.3d 991, 1004–05 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)). Such wrongful conduct may include "'action or inaction in the training, supervision, or control of his [or her] subordinates . . . .'" *Id.* (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1083 (9th Cir. 1998)).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action. . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 553 (internal citations and quotations omitted).

Here, it is clear that plaintiff names defendants Aranas and Cox merely because they hold supervisory positions. Plaintiff's formulaic assertions fail to include specific facts to show that either of the defendants knew of plaintiff's serious medical need and disregarded it, that NDOC medical departments were suffering from a lack of funding, or that defendants approve the medical department budget. The SAC merely states that Aranas and Cox breached their duties by failing to provide adequate funding to the medical department. Plaintiff's conclusory assertions fail under Rule 12(b)(6).

Accordingly, the court finds that plaintiff fails to allege personal participation by defendants Aranas and Cox, and therefore recommends that defendants' partial motion to dismiss be granted.

Because this court finds that plaintiff failed to allege personal participation, it need not address defendants' qualified immunity defense.

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that defendants' partial motion to dismiss (ECF No. 32) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' partial motion to dismiss (ECF No. 32) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that defendants Aranas and Cox be **DISMISSED** from this action.

 **DATED**: August 30, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**