AARON D. FORD
  Attorney General
DENNIS W. HOUGH, Bar No. #11995
Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1254
E-mail: dhough@ag.nv.gov

*Attorneys for Defendants*
*Cynthia Sablica, Dwight Nevin*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL RHYMES,

          Plaintiff,

v.

C. ROWLEY, *et al.*,

          Defendants.

Case No. 3:15-cv-00592-RCJ-CBC

**JOINT PRE-TRIAL ORDER**

Following pretrial proceedings in this case,

IT IS ORDERED:

## I.    NATURE OF ACTION AND CONTENTIONS OF THE PARTIES

### A.    NATURE OF ACTION AND IDENTIFICATION OF PARTIES

This is an inmate civil rights action brought by Michael Rhymes, (Rhymes) pursuant to 42 U.S.C. § 1983. Rhymes is a prisoner in the custody of the Nevada Department of Corrections (NDOC), currently housed at Lovelock Correctional Center (LCC). Rhymes is serving a life sentence with possibility for parole for lewdness with a minor.

Rhymes submitted his First Amended civil rights complaint on May 5, 2016, alleging, among other things, that:

Defendants Sablica and Nevin were deliberately indifferent to Rhymes' serious medical condition by failing to provide a prescribed medication for Rhymes' type 2 diabetes.

///

**5.** On January 26, 2014, Rhymes signed for Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

**6.** On March 5, 2014 Rhymes requested refills on Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

**7.** On March 13, 2014 Rhymes was prescribed Metformin.

**8.** On March 15, 2014 Rhymes signed receipt of Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

**9.** On March 22, 2014 Rhymes requested refills for Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

**10.** On March 23, 2014 Rhymes signed a receipt for Metformin

**11.** On a date uncertain Rhymes signed a receipt for Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

**12.** On May 2, 2014, Rhymes signed for receipt of Metformin and Lisinopril.

**13.** On May 20, 2014 Rhymes submitted a kite noting he did not receive Glipizide or Hydrochlorothiazide.

**14.** On May 23, 2014 Rhymes signed a receipt for Metformin and Lisinopril.

**15.** On May 27, 2014 Rhymes' prescriptions for Glipizide, and Hydrochlorothiazide were renewed.

**16.** On May 29, 2014 at 6:00 a.m. Rhymes filed an informal grievance # 2006-29-79783 alleging he did not receive Glipizide or Hydrochlorothiazide.

**17.** On May 29, 2014 Rhymes signed a receipt for Glipizide and Hydrochlorothiazide.

**18.** On June 27, 2014 Rhymes requested refills of Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

**19.** On June 28, 2014 Rhymes signed a receipt for Glipizide, Metformin, Hydrochlorothiazide and Lisinopril.

**20.** On July 28, 2014 Rhymes requested refills of Glipizide, Metformin, Hydrochlorothiazide and Lisinopril.

///

V. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

A. PLAINTIFF'S CONTESTED FACTS.

REFERENCE:

(III UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF )

NUMBER 11-19

WHILE IN DISCIPLINARY SEGREGATION THE NURSE IS ESCORTED BY A CORRECTIONAL OFFICER BEFORE THE PLAINTIFF COULD RECIEVE ANY K.O.P. MEDICATION PLAINTIFF MUST SIGN SLIP FIRST BEFORE RECIEVING ANY MEDICATION

IN APRIL 2014, MAY 2014, AND JUNE 2014 WHILE IN DISCIPLINARY SEGREGATION AFTER SIGNING FOR MEDICATION EACH TIME PLAINTIFF REALIZE THAT ON EACH MONTH PLAINTIFF RECIEVE A DOUBLE ORDER OF METFORMIN HCL 500 MGS AND A DOUBLE ORDER OF LBINOPRIL 20 MGS THREE MONTHS IN A ROW,

THE PLAINTIFF IMMEDIATELY INFORMED THE NURSE EACH TIME. IN JUNE 2014 PLAINTIFF FILE A GRIEVANCE, THEN AFTER 90-DAYS PLAINTIFF RECIEVE MEDICATION. ONLY ONCE FROM JUNE 2014 TO JULY 2014 PLAINTIFF RECIEVED ALL MEDICATIONS.

AUGUST 2014 AND SEPTEMBER 2014 PLAINTIFF RECIEVED ANOTHER DOUBLE ORDER OF METFORMIN AND LISINOPRIL. AFTER FILING AN ADDITIONAL GRIEVANCE PLAINTIFF WAS FINALLY SEEN BY HDSP DOCTOR AND PLAINTIFF RECIEVED A PHYSICAL AFTER ANOTHER 60 DAY WITHOUT GLIPIZIDE AND HYDROCHLOROTHIAZIDE.

PLAINTIFF INFORMED DOCTOR AND NURSE THAT HE WAS CHRONIC CARE DIEBETIC. PLAINTIFF REQUESTED THAT HIS BLOOD SUGAR BE TESTED. DOCTOR AND NURSE STATED THAT THEY DID NOT HAVE THE PROPER EQUIPMENT TO TEST MY BLOOD SUGAR LEVEL. PLAINTIFF BLOOD SUGAR WAS DURING ENTIRE TIME AT HDSP.

V. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

A. PLAINTIFF'S CONTESTED FACTS.

REFERENCE:

( VI CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL )

B. DEFENDANTS

1. YES, PLAINTIFF 8TH AMENDMENT RIGHTS WERE VIOLATE BECAUSE HE WAS DELIBERLTY DENIED MEDICATIONS AND NDOC BLATENTLY SHOWED NEGLECT BY NOT CHECKING PLAINTIFF BLOOD SUGAR.

2. YES, PLAINTIFF IS ENTITLED TO COMPENSATORY DAMAGE UPWARDS $150,000 BECAUSE THE NDOC BOTH KNEW THE PLAINTIFF'S MEDICAL PROBLEMS, AND THEN FAIL TO ADDRESS THEM PROPERLY AND TIMELY. PLAINTIFF ALSO HAS A RARE EYE DISEASE THAT THE NDOC HAS NEGLECTED, WHICH HAS MADE PLAINTIFF MEDICAL CONDITION WORSE.

3. AS TO IS THE PLAINTIFF ENTITLED TO PUNTIVE DAMAGES THE NDOC DECIDED TO STOP ALL PLAINTIFF'S EYE TREATMENT SINCE 2017. WHICH IS RETALIATION FOR FILING BOTH GRIEVANCE AND U.S.C 1983

V.

( VIII WITNESS )

A. PLAINTIFF'S WITNESSES:        5. KEVIN GAMETT M.D.

2. REQUEST ON DUTY PHYSICIAN (SEPT. 2014) JOHN DOE.

3. REQUEST ON DUTY NURSE (SEPT. 2014) JANE DOE.

4. MICHAEL FISCHER M.D. OPHTHALMOLOGYST

## VII EXHIBITS

### C. PLAINTIFF'S EXHIBITS

#### 1

REQUEST THAT JUDGE ROBERT C. JONES BE REQUESED
FROM THIS CASE BECAUSE OF MULTIPLE BIAS RULING.
HAINES V. KERNER 404 U.S. 519, 520-521, 92 S. CT. 594 (1972)
WHERE A "PLAINTIFF SHOULD BE HELD TO A LESS STRINGENT
PLEADING STANDARD THEN A REPRESENTED PARTY "

JUDGE ROBERT C. JONES HAS RULED FOR DISMISSLE OF
CASE NUMBER: 3:17-CV-00678-RCJ-CBC
   MICHAEL RHYMES V. SHANNON MOYLE, ET AL.,

RETALIATORY TRANFER DIRECTLY RELATED
TO MY RHYMES V ARANAS 3:15-CV-00592-RCJ-CBC
1983 CIVIL SUIT.

AO450 (NVD Rev 2/18)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MICHAEL RHYMES,

                    Plaintiff,

    v.

SHANNON MOYLE, et al.,

                    Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 3:17-cv-00678-RCJ-CBC

___ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

___ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

X **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the first amended complaint is dismissed with prejudice for failure to state a claim.

IT IS FURTHER ORDERED AND ADJUDGED that an appeal would be taken in good faith.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is hereby entered and this case is closed.

August 13, 2019
Date

_DEBRA K. KEMPI___
Clerk

/s/ L. Haywood
Deputy Clerk

DR. ROMEO ARANAS WAS NAMED IN
SECOND AMENDED CIVIL RIGHTS COMPLAINT.
WHICH HAD NO OPPOSITION FROM ATTORNEY
GENERAL OFFICE UNTIL SEVERAL MONTHS
LATER U.S. MAGISTRATE JUDGE AND ATTORNEY
GENERAL OFFICE REQUEST THAT
JUDGE ROBERT C. JONES DISMISS
DEFENDANT ARANAS ON NEW 1983 COMPLAINT.

Michael Rhymes
Name
P.O. Box 7000 (N.N.C.C.)

Carson City, NV

#78115
Prison Number

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael Rhymes,
                    Plaintiff,

    vs.

Romeo Aroras,

Greg Cox,

D.W. Neven,

Cynthia Sablinca,

John/Jane Does 1-5,
                    Defendant(s).

CASE NO. 3:15-cv-00592-RCJ-VPC
(To be supplied by the Clerk)

Second Amended
CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983
Jury Trial Demanded

A. JURISDICTION

1)    This complaint alleges that the civil rights of Plaintiff, Michael Rhymes,
                                    (Print Plaintiff's name)

who presently resides at Northern Nevada Correctional Center, were

violated by the actions of the below named individuals which were directed against

Plaintiff at H.D.S.P in Indian Springs, NV ___ on the following dates
            (institution/city where violation occurred)

3-11-14 to Sept. 2014, 3-11-14 to Sept. 2014, and _____.
    (Count I)            (Count II)            (Count III)

JUDGE ROBERT C. JONES HAS DENIED
COUNSEL TWICE BEFORE SUMMARY JUDGEMENT
AND AFTER, PLAINTIFF WAS GRANTED IN
PART AND DENIED IN PART SUMMARY JUDGEMENT

JUDGE JONES RULED IN FAVOR OF REPORT
AND RECOMMENDATION WITHOUT GIVING
PLAINTIFF TIME TO OBTAIN COUNSEL
TO REFUTE CERTAIN ISSUES. (3-12-19)

PLAINTIFF HAS EXPRESSED TO THE COURT
HE HAS SEVERE EYE DAMAGE WHICH HENDER
PLAINTIFF ABILITY TO EFFECT PROCEED
IN PRO SE

**lcclawlibrary - Activity in Case 3:15-cv-00592-RCJ-CBC Rhymes v. Aranas et al Order on Motion for Summary Judgment**

| | |
|---|---|
| **From:** | <cmecf@nvd.uscourts.gov> |
| **To:** | <cmecfhelpdesk@nvd.uscourts.gov> |
| **Date:** | 3/12/2019 12:01 PM |
| **Subject:** | Activity in Case 3:15-cv-00592-RCJ-CBC Rhymes v. Aranas et al Order on Motion for Summary Judgment |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 3/12/2019 at 12:00 PM PDT and filed on 3/12/2019
**Case Name:** Rhymes v. Aranas et al
**Case Number:** 3:15-cv-00592-RCJ-CBC
**Filer:**
**Document Number:** 92

**Docket Text:**
**ORDER that Magistrate Judge's Report and Recommendation ECF No. [89] is ADOPTED and ACCEPTED; Defendants' Motion for Summary Judgment ECF No. [67] is GRANTED IN PART AND DENIED IN PART; the deliberate indifference claims against Defendants, Neven and Sablica, of the Second Amended Complaint be allowed to PROCEED; the supervisory liability claim regarding the enforcement of NDOC regulations against Defendant Neven, of the Second Amended Complaint be DISMISSED; the official capacity claims against Defendants Neven and Sablica, of the Second Amended Complaint are DISMISSED; qualified immunity is DENIED; Clerk directed to enter judgment accordingly. Signed by Judge Robert C. Jones on 3/12/2019. (Copies have been distributed pursuant to the NEF - KW)**

**3:15-cv-00592-RCJ-CBC Notice has been electronically mailed to:**

Lovelock Correctional Center      lcclawlibrary@doc.nv.gov

Dennis W Hough      dhough@ag.nv.gov, akinseygoldy@ag.nv.gov, khodges@ag.nv.gov

**3:15-cv-00592-RCJ-CBC Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

AO450 (NVD Rev. 2/18)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MICHAEL RHYMES,

               Plaintiff,

    v.

NEVADA DEPARTMENT OF CORRECTIONS, et al.

               Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number:  3:15-cv-00592-RCJ-CBC

___ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

___ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

_X_ **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation (ECF No. 89) entered on January 28, 2019, is ADOPTED and ACCEPTED.

    **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (ECF No. 67) is GRANTED IN PART AND DENIED IN PART.

    **IT IS FURTHER ORDERED AND ADJUDGED** D that the deliberate indifference claims against Defendants, Neven and Sablica, of the Second Amended Complaint be allowed to PROCEED.

    **IT IS FURTHER ORDERED AND ADJUDGED** that the supervisory liability claim regarding the enforcement of NDOC regulations against Defendant Neven, of the Second Amended Complaint be DISMISSED.

    **IT IS FURTHER ORDERED AND ADJUDGED** that the official capacity claims against Defendants Neven and Sablica, of the Second Amended Complaint are DISMISSED.

    **IT IS FURTHER ORDERED AND ADJUDGED** that qualified immunity is DENIED

UNITED STATES DISTRICT CCOURT

DISTRICT OF NEVADA

MICHAEL RHYMES,

          Plaintiff,

vs.

NEVADA DEPARTMENT OF
CORRECTIONS, *et al.*,
          Defendants.

Case No.: 3:15-CV-00592-RCJ-CBC

ORDER

      Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 89[1]) entered on January 28, 2019, recommending that the Court grant and deny in part Defendants' Motion for Summary Judgment (ECF No. 67). No objection to the Report and Recommendation has been filed.

      This action was referred to Magistrate Judge Carry under 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.

      The Court has considered the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3-2. The Court determines that the Magistrate Judge's Report and Recommendation (ECF No. 89) entered on January 28, 2019, should be adopted and accepted.

      ///

_____

[1] Refers to Court's docket number.

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MICHAEL RHYMES,                    )        3:15-CV-0592-RCJ-CBC
                                   )
          Plaintiff,               )        **MINUTES OF THE COURT**
                                   )
     vs.                           )        April 17, 2019
                                   )
NEVADA DEPARTMENT OF               )
CORRECTIONS, et al.,               )
                                   )
          Defendants.              )
_____)

PRESENT:   THE HONORABLE CARLA BALDWIN CARRY, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: _____LISA MANN_____   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING _____

COUNSEL FOR DEFENDANT(S): NONE APPEARING _____

**MINUTE ORDER IN CHAMBERS:**

This is a civil rights action brought by *pro se* prisoner plaintiff Michael Rhymes. Plaintiff has moved for appointment of counsel (ECF No. 94). Defendants' opposed the motion (ECF No. 95). No reply was filed.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

**B.    STIPULATED EXHIBITS AS TO AUTHENTICITY BUT NOT ADMISSIBILITY**

1.    None.

**C.    PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS**

1.

2.

3.

4.

**D.    DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS**

1.    Plaintiff's Medical file;

2.    Plaintiff's Movement History Report;

3.    Plaintiff's housing history report;

4.    Plaintiff's Grievance file, including all relevant grievances;

5.    Certified Judgment(s) of Conviction of Plaintiff for underlying offense (only if needed for impeachment);

6.    Plaintiff's Institutional File ("I-File");

7.    Plaintiff's NDOC Central File ("C-File");

8.    Law Library Logs;

9.    Legal Mail Logs for relevant time period;

10.    Law Library Brass Slips;

11.    Plaintiff's Case Notes as maintained on the NDOC NOTIS system from 2014 to Present.

12.    All prison logs, registers, documents, or other form of data pertaining to any and all of Plaintiff's claims, especially any unauthorized mail logs or mail logs.

13.    Any and all other exhibits that may support the statements of fact and law cited herein and to rebut Plaintiff's statements, claims, and testimony.

14.    Any and all other exhibits that rebut witnesses that might be called to respond to claims made by either Plaintiff or any of his proposed witnesses;

**E.    DEPOSITIONS**

1.    None.

1    IX.    **AVAILABLE TRIAL DATES**

2            Plaintiff and Defendants' Counsel expressly understand that the Clerk shall set the trial of this

3    matter at the convenience of the Court's calendar.  A jury has been requested.

4            The following are three weeks in which both parties are available:

5            The week of February 3

6            The week of February 10

7            The week of February 24

8    X.    **TIME EXPECTED FOR TRIAL**

9            It is estimated that the trial herein will take a total of 2–3 days.

10            **APPROVED AS TO FORM AND CONTENT:**

11                                                                    AARON D. FORD
                                                                      Attorney General
12

13

14    By: _____            By: _____
           MICHAEL RHYMES, *#78115*                   DENNIS  W.  HOUGH  NVBAR  #  11995
15         Plaintiff, *Pro Se*                         Deputy Attorney General
                                                       *Attorneys for Defendants*
16

17

18    This case is set for jury trial on stacked calendar on February 10, 2020 at 8:30 a.m. in Reno Courtroom 3
       before Judge Robert C. Jones.   Calendar Call will take place on Monday, February 3, 2020 at 10:00
19    a.m. in Reno Courtroom 3 before Judge Robert C. Jones.

20

21                                          IT IS SO ORDERED

22

23

24                                          Robert C. Jones
                                            United States District Judge
25

26                                          Dated:____ November 1, 2019.

27

28

                                                    7

AARON D. FORD
  Attorney General
DENNIS W. HOUGH, BAR NO. 11995
Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1254
E-mail: dhough@ag.nv.gov

*Attorneys for Defendants*
*Cynthia Sablica, and Dwight Nevin*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL RHYMES,

          Plaintiff,

v.

C. ROWLEY, *et al*.,

          Defendants.

Case No. 3:15-cv-00592-RCJ-CBC

**PARTIES' PROPOSED JOINT PRETRIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(3) (JOINT PRETRIAL ORDER)**

Following pretrial proceedings in this case,

IT IS ORDERED:

## I.    NATURE OF ACTION AND CONTENTIONS OF THE PARTIES

###     A.    NATURE OF ACTION AND IDENTIFICATION OF PARTIES

This is an inmate civil rights action brought by Michael Rhymes, (Rhymes) pursuant to 42 U.S.C. § 1983. Rhymes is a prisoner in the custody of the Nevada Department of Corrections (NDOC), currently housed at Lovelock Correctional Center (LCC). Rhymes is serving a life sentence with possibility for parole for lewdness with a minor.

Rhymes submitted his First Amended civil rights complaint on May 5, 2016, alleging, among other things, that:

Defendants Sablica and Nevin were deliberately indifferent to Rhymes' serious medical condition by failing to provide a prescribed medication for Rhymes' type 2 diabetes.

/ / /

/ / /

1

**B.      CONTENTIONS OF THE PARTIES**

      **1.**    Plaintiff's Contentions

Rhymes contends that Sablica failed to respond to his requests for the previously prescribed medication, and that both Sablica and Nevin were aware of the situation because he spoke to each of them personally about the failure to provide the prescribed medication.

      **2.**    Defendant's Contentions

Defendants contend that the evidence does not support Plaintiff's allegations.  Defendants incorporate any Affirmative Defenses from the Answer as it pertains to Defendants Sablica and Nevin. Defendants deny that Plaintiff's constitutional rights have been violated.

**C.      RELIEF SOUGHT**

Plaintiff seeks compensatory damages of $150,000 and punitive damages in the amount of $75,000 dollars.  Plaintiff also seeks a permanent injunction prohibiting High Desert State Prison from going more than 72 hours to provide prescribed medication.

**II.      STATEMENT OF JURISDICTION**

This is a civil action commenced under 42 U.S.C. § 1983.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**III.      UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF**

1.      Rhymes is, and at all times herein was, an inmate in the custody of the NDOC, currently residing at Lovelock Correctional Center.  Rhymes was incarcerated at all times relevant to the Complaint.

2.      Defendants Sablica, and Nevin were, during the events in question, employees of the NDOC.

3.      On December 2013, Rhymes was prescribed Hydrochlorothiazide 25 mg, Metformen HCL 500mg, Lisinopril 20mg, and Glipizide 5mg.

4.      On January 22, 2014, Rhymes requested refills on Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

/ / /

5.  On January 26, 2014, Rhymes signed for Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

6.  On March 5, 2014 Rhymes requested refills on Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

7.  On March 13, 2014 Rhymes was prescribed Metformin.

8.  On March 15, 2014 Rhymes signed receipt of Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

9.  On March 22, 2014 Rhymes requested refills for Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

10. On March 23, 2014 Rhymes signed a receipt for Metformin

11. On a date uncertain Rhymes signed a receipt for Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

12. On May 2, 2014, Rhymes signed for receipt of Metformin and Lisinopril.

13. On May 20, 2014 Rhymes submitted a kite noting he did not receive Glipizide or Hydrochlorothiazide.

14. On May 23, 2014 Rhymes signed a receipt for Metformin and Lisinopril.

15. On May 27, 2014 Rhymes' prescriptions for Glipizide, and Hydrochlorothiazide were renewed.

16. On May 29, 2014 at 6:00 a.m. Rhymes filed an informal grievance # 2006-29-79783 alleging he did not receive Glipizide or Hydrochlorothiazide.

17. On May 29, 2014 Rhymes signed a receipt for Glipizide and Hydrochlorothiazide.

18. On June 27, 2014 Rhymes requested refills of Glipizide, Metformin, Hydrochlorothiazide, and Lisinopril.

19. On June 28, 2014 Rhymes signed a receipt for Glipizide, Metformin, Hydrochlorothiazide and Lisinopril.

20. On July 28, 2014 Rhymes requested refills of Glipizide, Metformin, Hydrochlorothiazide and Lisinopril.

/ / /

21. On August 3, 2014 Rhymes signed a receipt for Glipizide, Metformin, Hydrochlorothiazide and Lisinopril.

22. On a date uncertain, while still residing at HDSP, Rhymes signed a receipt for Glipizide and Hydrochlorothiazide.

**IV. FACTS UNADMITTED THAT WILL NOT BE CONTESTED**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: NONE

**V. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL**

**A. PLAINTIFF'S CONTESTED FACTS**

*See* First Amended Complaint.

**B. DEFENDANT'S CONTESTED FACTS**

1. Whether Plaintiff has met his burden of producing evidence supporting the facts set forth above, i.e. whether he can prove that Defendant Sablica or Nevin were aware of his medical condition and deliberately and maliciously ignored that situation, resulting in injury to Plaintiff.

2. Whether any form of damages is available to Plaintiff for any deliberate indifference on the part of Defendants Sablica or Nevin.

**VI. CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL**

**A. PLAINTIFF**

1. Whether or not Defendants Sablica and Nevin were deliberately indifferent to Plaintiff's serious medical issues.

**B. DEFENDANTS**

1. Did Sablica or Nevin violate Plaintiff's constitutional rights?

2. As a matter of law, is Plaintiff entitled to compensatory damages of $150,000?

3. As a matter of law, is Plaintiff entitled to punitive damages of $75,000?

**VII. EXHIBITS**

**A. STIPULATED EXHIBITS AS TO AUTHENTICITY AND ADMISSIBILITY**

1. Mr. Rhymes Medical Kites and KOP Medication Log.

2. Progress Notes and Physicians Orders related to Mr. Rhymes maintained by NDOC.

**B.** **STIPULATED EXHIBITS AS TO AUTHENTICITY BUT NOT ADMISSIBILITY**

1. None.

**C.** **PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS**

1.

2.

3.

4.

**D.** **DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS**

1. Plaintiff's Medical file;

2. Plaintiff's Movement History Report;

3. Plaintiff's housing history report;

4. Plaintiff's Grievance file, including all relevant grievances;

5. Certified Judgment(s) of Conviction of Plaintiff for underlying offense (only if needed for impeachment);

6. Plaintiff's Institutional File ("I-File");

7. Plaintiff's NDOC Central File ("C-File");

8. Law Library Logs;

9. Legal Mail Logs for relevant time period;

10. Law Library Brass Slips;

11. Plaintiff's Case Notes as maintained on the NDOC NOTIS system from 2014 to Present.

12. All prison logs, registers, documents, or other form of data pertaining to any and all of Plaintiff's claims, especially any unauthorized mail logs or mail logs.

13. Any and all other exhibits that may support the statements of fact and law cited herein and to rebut Plaintiff's statements, claims, and testimony.

14. Any and all other exhibits that rebut witnesses that might be called to respond to claims made by either Plaintiff or any of his proposed witnesses;

**E.** **DEPOSITIONS**

1. None.

**VIII. WITNESSES**

    **A.    PLAINTIFF'S WITNESSES:**

Plaintiff wishes to reserve the right to call the following persons:

    1.    Himself.

    2.

    3.

    **B.    DEFENDANT'S WITNESSES:**

Defendants wish to reserve the right to call the following persons:

    1.    Plaintiff Michael Rhymes, Inmate, Lovelock Correctional Center;

    2.    Defendant Cynthia Sablica, c/o Dennis W. Hough, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

    3.    Defendant Dwight Nevin, c/o Dennis W. Hough, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

    4.    Michael Koehn, c/o Dennis W. Hough, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

    5.    Custodian(s) of Record for any exhibits identified above, c/o Dennis W. Hough, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

    6.    Any and all rebuttal witnesses that might be called to respond to claims made by either Plaintiff or any of his witnesses.

    7.    Any and all other witnesses that have personal knowledge supporting Defendant's statements of fact or law cited herein.

    8.    All witnesses identified by Plaintiff, whether or not called to testify at trial.

Plaintiff and Defendants reserve the right to interpose objections to the calling of any named witness listed above prior to or at trial.

**IX.    AVAILABLE TRIAL DATES**

    Plaintiff and Defendants' Counsel expressly understand that the Clerk shall set the trial of this matter at the convenience of the Court's calendar.  A jury has been requested.

/ / /

The following are three weeks in which both parties are available:

The week of February 3

The week of February 10

The week of February 24

## X. TIME EXPECTED FOR TRIAL

It is estimated that the trial herein will take a total of 2–3 days.

DATED this 22nd day of October, 2019.

APPROVED AS TO FORM AND CONTENT:

_____
MICHAEL RHYMES, #78115
*Plaintiff Pro Se*

AARON D. FORD
Attorney General

/s/ Dennis W. Hough_____
DENNIS W. HOUGH, BAR NO. 11995
Deputy Attorney General

*Attorneys for Defendants*

## XI. ACTION BY THE COURT

This case is set for jury trial on stacked calendar on February 10, 2020 at 8:30 a.m. in Reno Courtroom 3 before Judge Robert C. Jones. Calendar Call will take place on Monday, February 3, 2020 at 10:00 a.m. in Reno Courtroom 3 before Judge Robert C. Jones.

IT IS SO ORDERED

_____
Robert C. Jones
United States District Judge

Dated:_____

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 22nd day of October 2019, I caused to be deposited for mailing a true and correct copy of the forgoing, **PARTIES' PROPOSED JOINT PRETRIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(3) (JOINT PRETRIAL ORDER)**, to the following:

Michael Rhymes #78115
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419
lcclawlibrary@doc.nv.gov

/s/ Perla M. Hernandez _____
An employee of the
Office of the Attorney General