# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL RHYMES,

       Plaintiff,

vs.

DWIGHT NEVEN and CYNTHIA SABLINCA,

       Defendants.

Case No. 3:15-CV-00592-RCJ-CLB

**ORDER**

Plaintiff comes before this Court requesting appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 100.) Plaintiff further moves for appointment of an expert witness. (ECF Nos. 103.) For the following reasons, the Court denies Plaintiff's motions.

**FACTUAL BACKGROUND**

Plaintiff is a prisoner currently housed at the Lovelock Correctional Center. Previously, Plaintiff had been housed at the High Desert Springs Prison (HDSP), where the alleged conduct at issue occurred. In the Second Amended Complaint (ECF No. 26), Plaintiff alleged that Defendants Aranas, Cox, Neven, Sablinca, and five John/Jane Doe Defendants had delayed and deprived him of access to prescribed medication. After partial dismissal and summary judgment, Plaintiff's sole

surviving cause of action is that such delay constituted violation of the Eighth Amendment prohibition of cruel and unusual punishment. Plaintiff pursues this cause of action against Defendants Neven and Sablinca in their individual capacities. The case is now scheduled for a jury trial. (ECF No. 105.)

**ANALYSIS**

*1. Appointment of Counsel*

Plaintiff requests appointment of counsel pursuant to 28 U.S.C. 1915(e)(1).[1] Appointment of counsel in a civil case is warranted only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In determining whether to appoint counsel, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*c 718 F.2d 952, 954 (9th Cir. 1983)). The instant case does not present such exceptional circumstances.

Plaintiff's only remaining claim is one of deliberate indifference in violation of the Eighth Amendment prohibition on cruel and unusual punishment against two individual defendants. Further, most of the legal issues, such as qualified immunity and the objective prong of the deliberate indifference analysis, have already been resolved. The remaining issues are largely factual in nature and do not require legal training to litigate. Indeed, should Plaintiff convince the jury of the credibility of his allegations, it is likely that Plaintiff will succeed on the merits of his

---

[1] This is the third occasion on which Plaintiff has requested counsel. The first request was denied following a motion hearing before the Magistrate Judge previously assigned to this case. (ECF No. 11.) The second request was denied by the current Magistrate Judge. (ECF No. 96.) However, if the Court were to construe this motion as an objection to the Magistrate Judge's Order, it would be untimely as the fourteen-day deadline for objection has already passed. Fed. R. Civ. P. 72(a). Therefore, the Court treats this motion as independent of the previous motions requesting appointment of counsel.

claims. Nevertheless, Plaintiff has successfully defended his case through both a motion to dismiss and a motion for summary judgment—all without counsel. Accordingly, although the likelihood of success on the merits weighs toward appointing counsel, the lack of complexity in the case and the demonstrated ability of the pro se Plaintiff to litigate it cut against a finding of exceptional circumstance warranting appointment of counsel. Thus, Plaintiff's motion is denied.

*2. Appointment of an Expert Witness*

Pursuant to Fed. R. Evid. 706(a), "[O]n a party's motion . . . the court may order the parties to show cause as to why expert witnesses should not be appointed and . . . may appoint any expert . . . of its own choosing." The determination of whether appointment of an expert is proper is discretionary. *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, such appointments should be made "only in rare and compelling circumstances" where a court is "confronted with what it view[s] as an unusually complex case." *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009).

Here, it does not appear that the case or the underlying facts are particularly complex such as to require expert testimony. A successful claim of deliberate indifference in violation of the Eighth Amendment requires Plaintiff to satisfy an objective prong, that there was a serious medical need and that the denial of that need could result in the "unnecessary and wanton infliction of pain," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and a subjective prong—deliberate indifference by the named defendant. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). In the instant case, the objective prong has been deemed satisfied, (ECF No. 89 at 7:19–21), therefore trial will focus on the subjective prong.

Satisfaction of the subjective prong requires a showing of "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *McGuckin v. Smith*, 974 F.2d 1050 (9th

Cir. 1991)). Neither of these require expert testimony. Plaintiff may demonstrate purposeful act or failure to respond by detailing his interactions with the Defendants. While expert medical testimony may be useful in demonstrating that Plaintiff experienced harm due to lack of access to medication, it is not necessary.

Further, Plaintiff's requested compensatory damages of $150,000 appear to be solely for the purpose of remedying past pain and suffering, as there is no indication of past or future medical expenses. The amount of compensation proper for past pain and suffering is a determination for the jury and does not require the advice of an expert. *See Jones v. Warmee*, 225 F.2d 258, 260 (9th Cir. 1955) ("It does not require an expert to tell whether a person suffers. The appearance of a person who suffers severely is sufficient to manifest his condition to anyone of ordinary intelligence and experience." (quoting *Kline v. Santa Barbara Consol. Ry. Co.*, 90 P. 125, 129 (Cal. 1907))). Accordingly, Plaintiff's request for the appointment of an expert witness is denied.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 100) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of an Expert Witness (ECF No. 103) is DENIED.

IT IS SO ORDERED.

DATED This 7th day of January, 2020.

_____
ROBERT C. JONES
United States District Judge