# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL RHYMES,

              Plaintiff,

v.

ARANAS, et al.,

              Defendants.

Case No. 3:15-cv-00592-RCJ-CLB

**ORDER AND JUDGMENT**

The Court has before it Defendants', Cynthia Sablica and Dwight Neven, Motion for a Directed Verdict pursuant to FRCP Rule 50. For reasons set forth below, the Court will grant the Defendants' motion.

This is a pro se civil rights suit pursuant to 42 U.S.C. § 1983. (ECF No. 26 at 1 passim). Plaintiff, Michael Rhymes (Plaintiff) is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* at 1. Plaintiff alleges Defendants, Cynthia Sablica (Sablica) and Dwight Neven (Neven) violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Id.* at 3 passim. Specifically, Plaintiff alleges Sablica and Neven were deliberately indifferent to his serious medical need of treatment for his high blood pressure and diabetes. *Id.* The events at issue in this suit allegedly occurred at the High Desert State Prison (HDSP). *Id.* at 1.

Plaintiff alleges Sablica and Neven acted deliberately indifferent to his medical needs by denying him "access to physician prescribed, essential, life-saving medications to treat" Plaintiff's high blood pressure and diabetes "for a prolonged period of time (nearly 5 months)." (ECF No. 26 at 3). Plaintiff alleges this denial led to "Plaintiff suffer[ing] from advanced neuropothy, [sic] intense pain and swelling in his hands and feet, eye damage resulting [in] substantial vision loss, and painful capillary damage in his limbs." *Id.* at 3.

Plaintiff alleges that he did not receive his medication for an extended period of time. Under cross examination, plaintiff alleges that the lack of medication for a period of time caused further damage to his diabetic complications. However, he did not provide any medical or testimonial evidence to support his claim of further damage. He admitted to receiving one medication each for his diabetes and high blood pressure continuously during the entire time.

Plaintiff was not able to show that Defendant Neven, as warden of the prison, had any personal participation in the medication issue. Although Defendant Sablica was a nurse, she was a nursing supervisor, and, also, had no personal participation in Plaintiff's prescription issue. Plaintiff was not able to show that Defendants, Sablica and Neven were aware of the delay in Plaintiff's receipt of his medication during the duration of the delay. Defendant Sablica was not the nurse from whom Plaintiff received his medication, nor did she have any involvement or direct contact with Plaintiff in this matter. Defendant Neven did not deny Plaintiff any requested medication or treatment, as he was not personally involved in the medical administration, treatment, or care of inmates. Further, Defendant Neven did not receive or respond to Plaintiff's medical complaints, as he was not involved in the day-to-day operations of the medical department at HDSP. Neither of the Defendants were listed as signatory to any of the grievances or medical requests (kites) filed by Plaintiff.

The Eighth Amendment to the U.S. Constitution includes a proscription against "cruel and unusual punishments." U.S. CONST. amend VIII. "[T]he primary concern of the drafters was to proscribe torture(s) and other barbar(ous) methods of punishment." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation marks and citations omitted). Over time, this doctrine expanded to proscribe "more than physically barbarous punishments" and was applied to proscribe "inhumane" methods of execution, involving "torture or a lingering death." *Id*. (internal quotation marks and citations omitted). More recently, the U.S. Supreme Court again expanded this doctrine to embody "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," while holding "repugnant to the Eighth Amendment punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society." *Id*. at 102-03 (internal quotation marks and citations omitted).

/ / /

/ / /

A plaintiff alleging an Eighth Amendment claim of deliberate indifference to a serious medical need must demonstrate (1) a serious medical need and (2) the defendant's deliberate indifference in response. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1197*).* The second element requires proof that the defendants knew of an excessive risk to the inmate's health and, notwithstanding that knowledge, disregarded the risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Likewise, the Ninth Circuit has stressed that "there must be a conscious disregard of a serious risk of harm for deliberate indifference to exist." *Toguchi v Chung,* 391 F.3d 1051 at 1059 (9th Cir. 2004. "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060.

Delay of, or interference with, medical treatment can constitute deliberate indifference. *Jett vs. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement vs. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). However, where a prisoner is alleging a delay of medical treatment gives rise to deliberate indifference, the prisoner must show that the delay led to further injury. *Hallett vs. Morgan*, 296 F.3d 732, 745–46 (9th Cir. 2002); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Because deliberate indifference requires actual knowledge of an excessive risk, *Farmer*, *supra*, a defendant can only be liable if the defendant personally participated in the alleged constitutional violation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation…"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Plaintiff has failed to satisfy the elements of his Eighth Amendment claim. While this Court finds that Plaintiff set forth a factual question regarding whether he had a serious medical need, and therefore assumes for purposes of Defendant's FRCP Rule 50 motion that there was a serious medical need, he failed to put forth any genuine issue of material fact regarding whether these Defendants had any personal

///

///

participation. Plaintiff therefore failed to provide any factual issue for the jury, and as a matter of law, failed in his burden to show personal participation on the part of the Defendants. He has also failed to prove continuing harm as a result of the missed medications.

Accordingly, it is hereby

**ORDERED** that Defendants', Dwight Neven and Cynthia Sablica, Motion for Entry of Directed Verdict is **GRANTED**; it is

**FURTHER ORDERED** that this Court retains jurisdiction over any matter pertaining to this judgment; and it is

**FURTHER ORDERED** that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court. This is a final appealable order. See FED. R. APP. P. 4(a).

**IT IS SO ORDERED**.

DATED THIS: March 2, 2020.

_____
ROBERT C. JONES
United States District Judge